UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| SAM SPICER, II, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   No. 2:19-cv-00310-JPH-DLP |
| | ) |
| RICHARD BROWN WVCF Warden, | ) |
| | ) |
| Respondent. | ) |

**Order Denying Petition for a Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Indiana prison inmate Sam Spicer, II, petitions for a writ of habeas corpus challenging a prison disciplinary sanction imposed in disciplinary case number WVD 18-01-0007. For the reasons explained in this Order, Mr. Spicer's habeas petition must be **denied**.

**A.    Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

### B. The Disciplinary Proceeding

On January 2, 2019, Indiana Department of Correction (IDOC) Officer J. Wilson wrote a Report of Conduct charging Mr. Spicer with refusing to submit to testing, a violation of the IDOC's Adult Disciplinary Code offense B-203. The Report of Conduct states:

> On 01-02-2019 at approximately 7:45 am offender Spicer, Sam #218648 was advised to submit to a full drug screen, offender Spicer did make several attempts to provide me with a urine sample for a full drug screen. At 9:47 am offender Spicer could not provide me with a urine sample to be tested within the (2) two hour time limit. Water was provided and the offender was told throughout the testing processes of how much time he had left.

Dkt. 7-1.

Mr. Spicer was notified of the charge on January 4, 2019, when he received the Screening Report. Dkt. 7-2. He pleaded not guilty to the charge and requested a statement from Dr. Byrd that his medication could cause dehydration and an inability to urinate. *Id.* Mr. Spicer also requested a statement from Officer Wilson that Mr. Spicer had tried to urinate during the entire relevant period. *Id.* The scheduled disciplinary hearing was delayed to allow Mr. Spicer to obtain Dr. Byrd's statement. Dkt. 7-4.

Officer Wilson provided a written statement stating that Mr. Spicer made several attempts to provide a urine sample, which was consistent with the conduct report he wrote. Dkt. 7-6. An e-mail from the Disciplinary Hearing Officer (DHO) to a nurse in the medical department asked about Mr. Spicer's visit to Nurse Sick Call on January 8, 2019. Dkt. 7-7. Nurse Riggs reported that Mr. Spicer was seen for "urination complaints," had voided prior to coming to see the nurse, and was unable at that time to urinate. *Id.* However, she reported, Mr. Spicer was able to urinate within an hour and a test revealed no infection. *Id.* She noted the urine was concentrated, and Mr. Spicer was educated on the importance of hydration. *Id.* A physician was contacted and prescribed Flomax for possible BPH. *Id.*

Dr. Byrd's statement for the disciplinary hearing was made on January 5, 2019. Dkt. 7-9. He stated that Mr. Spicer is not on diuretics that could cause medically induced dehydration. *Id.*

The disciplinary hearing was held on January 16, 2019. Dkt. 7-5. Based on Mr. Spicer's statement, the staff reports, and the witness statements, the hearing officer found Mr. Spicer guilty of violating offense B-203. *Id.* The sanctions imposed included a forty-five-day earned-credit-time deprivation, and a written reprimand stating "Don't fail to provide urine sample." *Id.*

Mr. Spicer appealed to the Facility Head and the IDOC Final Reviewing Authority, but both appeals were denied. Dkts. 7-10 & 7-11. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C.     Analysis**

Mr. Spicer presents three grounds for relief in his petition for a writ of habeas corpus. First, he contends that IDOC policy allows him to receive extra time and water to provide a urine sample and he was denied those "provisions." Dkt. 1 at 3. Second, Mr. Spicer contends that because of his medical conditions he was unable to provide a urine sample, and therefore his conviction of the offense violates his due process rights. *Id.* Third, Mr. Spicer contends that when considering his clean conduct history, medications, and his medical condition, the conduct report was arbitrarily issued and resulted in an unfair and inherently unreliable result. *Id.*

These grounds for relief are each framed as a denial of due process and overlap in great part. The Warden interprets the grounds as presenting two issues – (1) sufficiency of the evidence and (2) violation of IDOC policies and procedures. The Court agrees with this interpretation.[1]

---

[1] This interpretation of Mr. Spicer's claims is supported by his reply which focuses primarily on the sufficiency of the evidence. Dkt. 8. However, Mr. Spicer also argues in his reply that he requested evidence that was denied, *id.* at 3, but that issue was not presented in his petition. Claims raised for the first time in a reply will not be considered. *See Griffin v. Bell*, 694 F.3d 817, 822 (7th Cir. 2012) ("arguments raised for the first time in a reply brief are deemed waived");

3

### 1. Sufficiency of the Evidence

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274; *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56 (emphasis added).

IDOC Adult Disciplinary Code offense B-203 provides:

203     Refusal to Submit to Testing

Refusal to submit to any testing or sampling required by statute (e.g., DNA sampling) or refusal to submit to a test to determine the presence of alcohol or a controlled substance as ordered by staff, **including failure to provide** an adequate or unadulterated specimen for testing purposes.

Dkt. 7-13 at 4 (emphasis added).

Failure to provide an adequate testing specimen, whatever the reason, is a violation of offense B-203.

No element of intent, or scienter, is present in the final clause of the definition nor can one be inferred. *See Rehaif v. United States*,

---

*Hernandez v. Cook Cty. Sheriff's Office*, 634 F.3d 906, 913 (7th Cir. 2011) (same); *United States v. Foster*, 652 F.3d 776 n.5 (7th Cir. 2001) ("The reply brief is not the appropriate vehicle for presenting new arguments or legal theories to the court.").

139 S. Ct. 2191, 2197 (2019) (noting that not all criminal statutes must have a scienter requirement) (citing *Staples v. United States*, 511 U.S. 600, 606 (1994) (declining to apply a scienter requirement to statutes involving a regulatory or public welfare program and carrying only minor penalties)).

Because it is not necessary to prove an element of intent, the undisputed evidence is sufficient to uphold the disciplinary hearing officer's decision. Mr. Spicer never disputed to the hearing officer, or in this Court, that he failed to provide a testing sample.

Mr. Spicer's medical condition, medications, and the circumstances of the attempted collection of the urine sample are issues that the hearing officer and administrative appeals officials may consider, but they are not issues for this Court. In this context, considering these arguments would be to engage in a reweighing of the evidence, an action this Court cannot do. *See Calligan v. Wilson*, 362 F. App'x 543, 545 (7th Cir. 2009) (citing *Hill*, 472 U.S. at 455; *Scruggs*, 485 F.3d at 941).

The hearing officer also considered Mr. Spicer's medical evidence. Dr. Byrd and Nurse Riggs provided statements to the hearing officer. Dkts. 7-9 & 7-7. They were not supportive of Mr. Spicer's defense, and do nothing to undermine the "some evidence" relied upon by the hearing officer.

For these reasons, Mr. Spicer's challenge to the sufficiency of the evidence is without merit.

### 2. Violation of IDOC Policies

Mr. Spicer argues that IDOC polices required that he be given more water and time to produce a urine sample for the requesting officer. Dkt. 1 at 3. Because he was not allowed additional time and more water, IDOC policy was violated which denied him due process. Mr. Spicer's argument, however, is without merit.

Relief pursuant to § 2254 is available only on the ground that a prisoner "is being held in violation of federal law or the U.S. Constitution." *Caffey v. Butler*, 802 F.3d 884, 894 (7th Cir. 2015). Prison policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy, such as the one Mr. Spicer argues here, are not cognizable and do not form a basis for habeas relief.  *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 F. App'x 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas relief.").  Accordingly, Mr. Spicer is not entitled to relief on this basis.

### D.    Conclusion

Prison administrators have broad discretion in the operation of correctional facilities. Here, they could have drafted the disciplinary code to contain a scienter element for offenses such as being unable to provide a testing sample, or they could have given weight to Mr. Spicer's defense. They did not, and their discretionary decisions in this case do not offend federal constitutional due process rights. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983) (holding that prison officials retain "broad discretionary authority" to maintain institutional security "because the administration of a prison is at best an extraordinarily difficult undertaking"), receded from on other grounds by *Sandin*, 515 U.S. at 483-84.

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Spicer to the relief he seeks. Accordingly, Mr. Spicer's petition for a writ of habeas corpus is **denied** and this action dismissed with prejudice.

Judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 6/22/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Sam Spicer, II
Wabash Valley Correctional Facility - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
Carlisle, IN 47838

Benjamin Myron Lane Jones
Indiana Attorney General
benjamin.jones@atg.in.gov